## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MICHAEL SEYMOUR, individually and on behalf of all those similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| COX COMMUNICATIONS, INC., | |
| Defendant. _____/ | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant COX COMMUNICATIONS, INC. ("Cox" or "Defendant"), removes the action pending in the Circuit Court of the First Judicial Circuit in Okaloosa County, Florida, captioned *MICHAEL SEYMOUR, individually and on behalf of all those similarly situated, v. COX COMMUNICATIONS, INC.*, Case No.: 2023-CA-001638-C to the United States District Court for the Northern District of Florida. The grounds for removal are set forth below.

## BACKGROUND AND PROCEDURAL HISTORY

1.   On or about April 3, 2023, Plaintiff MICHAEL SEYMOUR, individually and on behalf of all those similarly situated, ("Seymour" or "Plaintiff") filed a Class Action Complaint ("Complaint") against Defendant in the Circuit Court

of the First Judicial Circuit in Okaloosa County, Florida. A copy of the Complaint is attached as **Exhibit 1**.

2. The Complaint purports to allege one cause of action against Defendant for an alleged violation of the Florida Consumer Collection Practices Act ("FCCPA"). *See* Exhibit 1, Complaint at ¶¶ 34-37.

3. Defendant was served with a copy of the Complaint on April 6, 2023.

## BASIS FOR REMOVAL

### I. Controlling Law.

4. Defendant removes the Complaint pursuant to 28 U.S.C. § 1332, 1441, and 1446.

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be

removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

## II.     Diversity Jurisdiction Exists Pursuant to 28 U.S.C. § 1332(a)(1)

8.     The Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the action is "between . . . citizens of different States" and the amount in controversy exceeds $75,000.

9.     "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

10.     Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

11.     Here, the Complaint alleges that Plaintiff is a natural person and citizen of the State of Florida, residing in Okaloosa County, Florida. *See* Exhibit 1, Complaint at ¶ 5. The Complaint also alleges that Defendant is a Delaware Corporation with a principal place of business located in Atlanta, Georgia. Complaint. *See id* at ¶ 6.

12.     Accordingly, the Complaint establishes complete diversity because Plaintiff is a citizen of Florida while Defendant is a Delaware Corporation that maintains its principal place of business in Georgia.

13. In addition, Section 1313(a)(1) is also satisfied as the amount in controversy exceeds $75,000.

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. In determining whether the amount in controversy is satisfied, the court may consider compensatory and statutory damages, as well as punitive damages and attorney's fees. *See, e.g.*, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000).

15. Here, Plaintiff acknowledges in the Civil Cover Sheet filed with the Complaint that the amount of the claim is "over $100,000.00". *See* Civil Cover Sheet Form 1.997, p.1. A copy of the Civil Cover Sheet Form 1.977 is attached as **Exhibit 2**.

16. This is further confirmed by Plaintiff's request for statutory damages in the amount of $1,000.00 for each of the purported thousands of class members, plus an award of reasonable attorneys' fees and costs, including expert fees. *See* Exhibit 1, Complaint at ¶¶ 26, 37(c) and (e).

### III.   Forum Defendant Rule

17.   "[T]he forum defendant rule, ordinarily preclude[s] removal based on diversity when there are in-state defendants, who are joined and served." *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, __ F. Supp. 3d __, 2022 WL 16798446, at *2 (S.D. Fla. Nov. 8, 2022) (internal quotation marks omitted).

18.   Here, the Complaint alleges that Defendant is a Delaware corporation with its principal place of business in Georgia. *See* Exhibit 1, Complaint at ¶ 6.

19.   Accordingly, the forum defendant rule is satisfied because no defendant is a citizen of Florida, where the Complaint was filed.

### IV.   Other Requirements for Removal

20.   Pursuant to 28 U.S.C. § 1446(a), a complete copy of the state court docket is attached as **Exhibit 3**.

21.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants consent to removal.

22.   Pursuant to 28 U.S.C. § 1446(b)(2)(B), this Notice of Removal is timely, as Defendant was served with the Complaint on April 6, 2023.

23.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal is being provided to Plaintiff and is being filed with the Circuit Court of the First Judicial Circuit in Okaloosa County, Florida.

**WHEREFORE**, Defendant respectfully requests that the above-captioned matter pending in the Circuit Court of the First Judicial Circuit in Okaloosa County, Florida be removed to the United States District Court for the Northern District of Florida.

Dated: April 25th, 2023 			Respectfully submitted,

**BLANK ROME LLP**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: 813.255.2324
Facsimile: 813.433.5352
E-Service: BRFLeservice@BlankRome.com

s/Michael R. Esposito
MICHAEL R. ESPOSITO
Florida Bar No. 37457
NICOLE R. TOPPER
Florida Bar No. 558591
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Michael R. Esposito, Esquire, hereby certify that the foregoing Notice of Removal was filed with the Court and served on all counsel of record via the Court's CM/ECF Electronic Filing System. In addition, a copy of the foregoing Notice of Removal was served on Plaintiff's counsel via email.

s/Michael R. Esposito
MICHAEL R. ESPOSITO
Florida Bar No. 37457